**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>BY HOTEL SPE-3 LLC,<br>　　　　　　　　　**Debtors.**[1] | Chapter 11<br><br>Case No. 26-10324 (JKS)<br><br>(Jointly Administered) |

**SECOND INTERIM ORDER (A) AUTHORIZING POSTPETITION USE OF CASH**
**COLLATERAL, (B) GRANTING ADEQUATE PROTECTION,**
**(C) SCHEDULING A FINAL HEARING PURSUANT TO**
**BANKRUPTCY RULE 4001(B), AND (D) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), having filed a motion (the "Motion")[2] for entry of a second interim order (the "Second Interim Order") and final order (the "Final Order") pursuant to section 105, 361, 362, and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), the Court having considered the Motion, the Declarations of Su-Mei Yen and Ted Mandigo, and the evidence submitted at the interim hearing held before the Court on March 13, 2026 to consider entry of an interim order, and the Court having entered an interim order (the "First Interim Order") [Doc. No. 60], ACORE Capital Mortgage, LP, in its capacity as Administrative Agent of Delphi CRE Funding LLC ("Secured Lender"), having consented to entry of an interim order granting the relief requested herein until May 8, 2026, and it appearing that approval of the interim relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors pending the Final Hearing and is otherwise fair and reasonable pending the Final Hearing, and essential for the continued

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective identification numbers are By Hotel SPE-3 LLC (3619); 1101 Wabash Development Mezz, LLC (9294); Wabash 11th Mezz LLC (4278); Pacific Tai Mezz LLC (3717); 1101 Wabash Development SPE LLC (9201); Wabash 11th LLC (3098); 1101 Wabash Development LLC (3365); Pacific Tai, LLC (9675); and SB Yen's Management Group, Inc. (1132). The location of the Debtors' corporate headquarters and the Debtors' service address is 806 N York Rd., Hinsdale, IL 60521.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

171371787.15

operation of the Debtors' businesses, and after due deliberation and consideration, and good and sufficient cause appearing therefor:

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.      On March 8, 2026, (the "Petition Date"), the Debtors filed petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are in possession of their property and continue to operate and manage their businesses as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. As of the date hereof, no official committee of unsecured creditors (together with any other statutory committee, a "Committee") has been appointed in these Chapter 11 Cases.

B.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The Court further finds that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order hereon consistent with Article III of the U.S. Constitution. The Court further finds that venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      The statutory bases for the relief requested herein are sections 105(a), 361, 362 and 363 of the Bankruptcy Code, and Rule 4001 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Rule 4001-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (as amended, the "Local Rules").

D.      Notice of the Interim Hearing and the relief requested in the Motion has been given in accordance with the provisions of Local Rule 9013-1(m) to (i) the Office of the United States

Trustee, (ii) Secured Lender, and (iii) the creditors holding the twenty largest unsecured claims against the Debtors. Under the circumstances, such notice of the Interim Hearing and the relief requested in the Motion complies with all relevant provisions of the Bankruptcy Rules and Local Rules.

E.      As of the Petition Date, Debtors Wabash 11th LLC, 1101 Wabash Development LLC, and Pacific Tai, LLC were parties to that certain Loan Agreement dated August 30, 2019 (as amended, modified, restated, or supplemented, the "Loan Agreement" and together with all other documents, instruments, and agreements delivered in connection with the Loan Agreement, as amended modified, restated, or supplemented, collectively, the "Loan Documents") by and among Borrower, Agent, and Lenders (each as defined in the Loan Agreement).  Amounts due under the Loan Documents, if any, shall be referred to as the "Obligations".  The Obligations are purportedly secured by liens on assets of the Debtors as set forth in the Loan Documents (the "Collateral") pursuant to a mortgage dated August 30, 2019.

F.      As of the Petition Date, the Debtors purportedly had seven bank accounts in total, including (i) five operating accounts,[3] comprised of two operating accounts with Huntington National Bank (Acct. Nos. ending 2220 and 9082), and three operating accounts with International Bank of Chicago (Acct. Nos. ending 2828, 2801, and 3018) (collectively, the "Operating Accounts" and individually an "Operating Account"), and (ii) two lockbox accounts with Key Bank (Acct. Nos. ending 7999 and 8539) (account ending in 8539 is a CMA lockbox) (collectively, the "Lockbox Accounts," and together with the Operating Accounts, the "Bank Accounts"). Secured Lender may have a security interest in one or more of the Bank Accounts.  Prior to the

---

[3] Secured Lender is currently investigating whether the Debtors have transferred funds to non-Debtor bank accounts for non-Debtor operations, and Secured Lender reserves all rights thereto.  The term "Operating Accounts" as used herein shall include any such non-Debtor bank accounts.

Petition Date, Secured Lender may have been able to offset the amounts in one or more of the Bank Accounts.

G.     The Debtors have a pressing need for the immediate use of Cash Collateral (as defined below) to continue operating as a going concern (including funding their day-to-day operations which includes payroll, vendors, and the costs of these Chapter 11 Cases), minimize disruption, rebut any skepticism regarding the Debtors' ability to operate as a going-concern and stabilize business operations in response to these Chapter 11 Cases. In the absence of the immediate use of the Cash Collateral, serious and irreparable harm to the Debtors and their respective estates will occur and impair the Debtors' efforts to reorganize.

H.     The Debtors reasonably and in good faith believe that the use of the Cash Collateral is sufficient to fund all projected, legitimate, and allowable expenses of this chapter 11 case from the Petition Date through the period to which the Budget (as defined below) pertains.

I.     Pursuant to the Loan Documents, Secured Lender may be entitled to adequate protection of their interests in the Collateral and the proceeds thereof.

J.     Secured Lender has stipulated to the terms of this Second Interim Order while reserving all rights.

K.     The Debtors have requested immediate entry of this Second Interim Order pursuant to Bankruptcy Rules 4001(b)(2) and 4001(d). The permission granted herein to use the Cash Collateral is necessary to avoid immediate and irreparable harm to the Debtors. This Court concludes that entry of this Second Interim Order is in the best interest of the Debtors' estates and their creditors.

171371787.15                                   4

**IT IS THEREFORE ORDERED THAT:**

1.      The Motion is hereby GRANTED to the extent set forth in this Second Interim Order. Any objections to the Motion with respect to entry of this Second Interim Order to the extent not withdrawn, waived or otherwise resolved, and all reservation of rights included therein, are hereby suspended.

2.      Unless otherwise ordered by the Court or an extension is agreed to in writing by the Debtors and Secured Lender and subject to the Carve-Out (as defined below) for wind-down expenses after the occurrence of a Termination Event (as defined below), the Debtors are authorized to use Cash Collateral as set forth in this Second Interim Order commencing from the Petition Date through and including (but not beyond) the earliest to occur of (i) the date on which a Termination Event shall occur or (ii) May 8, 2026; *provided* that such use of Cash Collateral shall be in accordance with the Budget.

3.      The Debtors are granted limited use of Cash Collateral as follows:

      a. All Cash Collateral (as defined in section 363 of the Bankruptcy Code) that the Debtors had on hand as of the Petition Date or have received since the Petition Date, including all products and proceeds of (i) all Collateral and (ii) all funds in all bank accounts, all of which constitute Cash Collateral, is deposited or shall be deposited into the Operating Accounts maintained at Huntington Bank. The property described in the preceding sub-paragraphs (i) and (ii) and all proceeds thereof shall hereafter be referred to collectively as "Cash Collateral." All Cash Collateral that the Debtors receive subsequent to the entry of this Second Interim Order shall also be swept daily into an Operating Account. No money shall be

withdrawn by the Debtors from the Operating Accounts except as expressly provided hereinafter in this Second Interim Order.

b.   Absent the prior express consent of Secured Lender, the use of any Cash Collateral shall be restricted to payment, from the Operating Accounts, in the ordinary course of business, only of the expenses specified in the budget attached hereto as Exhibit 1  (as the same may be amended or modified from time with the consent of Secured Lender, the "Budget"; all references herein to the "Budget" shall mean as the same is subject to the Permitted Variances (as defined below)); *provided*, *however*, absent Secured Lender's prior written approval, the Debtors are permitted during each weekly period covered by the Variance Reports (as defined below) to have a deficiency in total actual net cash flow (i.e., the difference of aggregate receipts and aggregate disbursements) in comparison to total projected net cash flow as set forth in the Budget for that weekly period by up to fifteen percent (15%) ("Permitted Variances"); *provided further* that, notwithstanding anything to the contrary in this Second Interim Order or the Budget, no payments of any fees and expenses shall be made to any professionals retained by the Debtors absent allowance pursuant to a separate order of this Court following notice, a hearing, and the opportunity to object.  A report of Permitted Variances will be provided to Secured Lender and the U.S. Trustee no later than five (5) calendar days after each weekly period set forth under the Budget has elapsed (such reports, the "Variance Reports").

c.  The Debtors shall provide Secured Lender, no later than one (1) business day after entry of this Second Interim Order, with financial information in the form of projected occupancy, revenue per available room, and average daily rate for the period covered by the Budget, along with a comparison comparing the actual results of the foregoing to the Budget covering the First Interim Order, in all cases in sufficient detail to allow recalculation of projected revenues and receipts.

d.  The Debtors have represented that the Budget represents only post-petition expenses that must be paid in the ordinary course or to avoid immediate and irreparable harm.

e.  Any amounts paid to employees of the Debtors pursuant to the Budget covering the First Interim Order that were on account of services performed on behalf of or for the benefit of non-Debtors shall be returned to the Debtors no later than five (5) business days from entry of this Second Interim Order.  Secured Lender reserves all rights and defenses with respect to any amounts paid to employees of the Debtors on account of services performed on behalf of or for the benefit of non-Debtors prior to the Petition Date.

f.  Under no circumstances shall the Debtors:

i.  Use any Cash Collateral for any purpose other than those authorized by this Second Interim Order and as outlined in the Budget without the written consent of Secured Lender; or

171371787.15

7

   ii.  Use Cash Collateral to the extent that expenses listed in the Budget are not actually incurred.

4.  As adequate protection for the respective interests of Secured Lender, for, and solely to the extent of, any diminution in the value of the Collateral resulting from (i) the Debtors' use of Cash Collateral, (ii) the use, sale, or lease of the Collateral (other than Cash Collateral) pursuant to section 363(c) of the Bankruptcy Code, and (iii) the imposition of the automatic stay pursuant to section 362(a) of the Bankruptcy Code, Secured Lender is hereby granted a continuing replacement security interest in, and lien (collectively, the "Replacement Liens"), which Replacement Liens shall have the same priority, validity, force, extent, and effect as the liens that they replace, effective as of the Petition Date without the necessity of Secured Lender taking any further action, upon the right, title and interest in the following property of the Debtors:

   a. All Collateral of Secured Lender, including all proceeds, profits, rents, and products thereof; and

   b. All property acquired by the Debtors after the Petition Date, which is of the same nature, kind, and character as the Collateral, and all proceeds, profits, rents, and products thereof.

5.  The Replacement Liens provided herein shall be deemed automatically valid and perfected with such priority as provided in this Second Interim Order, without any further notice or act by any party that may otherwise be required under any other law. Notwithstanding the foregoing, the Debtors shall, upon request of Secured Lender, execute and deliver such documents as may be reasonably requested by Secured Lender to create and perfect the security interests and liens described herein under applicable non-bankruptcy law and Secured Lender shall be authorized to file and record such documents and take such other actions as may be necessary to

171371787.15         8

perfect such security interests and liens under all such laws and to correctly describe the collateral subject thereto.

6.      As adequate protection to Secured Lender and as part of a negotiated settlement between the Debtors and Secured Lender, Secured Lender shall have the right to hold the sum of $3,244,755.77 that is currently held in a suspense account to: (a) immediately seek authority to pay all real estate taxes that became due on April 1, 2026, in the total amount of $1,152,948.81, subject to the approval of this Court, for which the Debtors will file a motion to be heard on an expedited basis at a hearing on April 8, 2026, subject to the availability of the Court, or as soon as the Court is available to hear the motion; and (b) retain the balance (*i.e.*, $2,091,806.96) as adequate protection to Secured Lender for the Debtors' use of Cash Collateral (the "Adequate Protection Payment") under the Second Interim Order and the First Interim Order; *provided* that the Debtors and Secured Lender reserve all rights and defenses with respect to the characterization, disgorgement, challenge, amount, timing, and application of the Adequate Protection Payment to any claim by the Secured Lender, including any disbursements from the Adequate Protection Payment (no party's rights and remedies are waived by implication). For the avoidance of doubt, and notwithstanding anything to the contrary in this Second Interim Order, Secured Lender does not stipulate that any adequate protection provided under the Second Interim Order, including but not limited to the Adequate Protection Payment, represents the monthly non-default interest otherwise due to Secured Lender under the Loan Documents and reserves all rights.

7.      Secured Lender shall have the full protection of section 363(m) of the Bankruptcy Code with respect to the debts, obligations, liens, and security interests created or authorized by this Second Interim Order in the event that this Second Interim Order or any other authority contained or created herein is vacated, reversed, or modified on appeal or otherwise by any court.

171371787.15                                                    9

8. Nothing contained in this Second Interim Order shall be deemed a finding with respect to the sufficiency of the adequate protection (as that term is defined in section 361 of the Bankruptcy Code) of the interests of Secured Lender or prejudice the right of Secured Lender to request adequate protection in addition to that provided under the terms of this Second Interim Order.

9. The Debtors shall timely file all required reports and make all required payments due to the U.S. Trustee during the pendency of the Chapter 11 Cases.

10. Any provision of this Second Interim Order to the contrary notwithstanding, the Cash Collateral may be used for payment of the following (the "Carve-Out"): (a) allowed professional fees and disbursements of the Debtors' professionals incurred on or prior to receipt by the Debtors of written notice of the occurrence of a Termination Event (i) by the professionals retained, pursuant to Bankruptcy Code sections 327 or 1103(a) and (ii) by professionals retained, pursuant to Bankruptcy Code sections 327 or 1103(a), by the Committee, if any, in an amount not to exceed the aggregate amount of $50,000, of which, up to $25,000 may be used by the Committee, if any, to investigate claims or causes of action relating against Secured Lender (or object to or contest in any manner, or raise any defenses to) the validity, perfection, priority, extent, or enforceability of the Obligations, Secured Lender's prepetition liens, or the Replacement Liens granted herein; (b) allowed professional fees and disbursement incurred following receipt by the Debtors of a notice of the occurrence of a Termination Event by the professionals retained, pursuant to Bankruptcy Code sections 327 or 1103(a), by the Debtors and the Committee not to exceed the aggregate amount of $250,000, and (c) quarterly fees required to be paid pursuant to 28 U.S.C. § 1930(a)(6) and any fees payable to the Clerk of the Bankruptcy Court.

11.     Each of the following shall constitute a "<u>Termination Event</u>" under this Interim Order:

    a.  The Final Order or a further interim order extending the use of cash collateral is not entered on or before May 8, 2026;

    b.  Failure of the Debtors to abide by the terms, covenants, and conditions of this Second Interim Order or the Budget upon notice provided by the Court, the U.S. Trustee, or Secured Lender; *provided* that the Debtors shall have five (5) business days to cure any such failure, and may seek relief from the Court, with the occurrence of the Termination Event tolled until final resolution by the Court;

    c.  The use of Cash Collateral for any purpose not authorized by this Second Interim Order;

    d.  Appointment of a Chapter 11 trustee or the appointment of an examiner with expanded powers;

    e.  Termination of the Debtors' franchise agreements with Hilton or Best Western;

    f.  Conversion of the Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code;

    g.  The Chapter 11 Cases are dismissed; or

    h.  The entry of an order of this or any other Court (other than the Final Order) reversing, staying, vacating or otherwise modifying in any material respect the terms of this Second Interim Order.

12.     Upon the Debtors' receipt of notice of the occurrence of a Termination Event, the Debtors are prohibited from using the Cash Collateral until further order of this Court other than

as set forth in this Second Interim Order.  For the avoidance of doubt, the Debtors may continue

using Cash Collateral if the only Termination Event occurs under paragraph 11.b. *supra*, until the

cure period and resolution tolling provisions set forth in that paragraph have elapsed.

13.     Where required, notice shall be provided to Debtors' proposed counsel and Secured

Lender's counsel via email, facsimile, U.S. Mail or overnight delivery service as follows, and shall

be effective when deposited or transmitted:

Lewis Brisbois Bisgaard & Smith LLP
500 Delaware Avenue Suite 700
Wilmington, DE 19801
Attention:     Rafael Zahralddin
               Minyao Wang
Email:         rafael.zahralddin@lewisbrisbois.com
               minyao.wang@lewisbrisbois.com
*Proposed counsel to the Debtors*

Duane Morris LLP
1201 North Market St, Suite 501
Wilmington, DE 19801
Attention:     Lawrence J. Kotler, Esq. (DE No. 4181)
               Sommer L. Ross, Esq. (DE No. 4598)
Email:         LJKotler@duanemorris.com
               SLRoss@duanemorris.com
*Counsel to Secured Lender*

14.     If any or all of the provisions of this Second Interim Order are modified, vacated,

or stayed by subsequent order of this or any other Court, such stay, modification, or vacation shall

not affect the validity and enforceability of any security interest or lien granted or authorized by

this Second Interim Order prior to such stay, modification, or vacation. The reversal or

modification on appeal of any or all of the provisions of this Second Interim Order shall not affect

the validity or enforceability of any security interest or lien granted or authorized by this Second

Interim Order.

171371787.15                              12

15.     Any post-petition payments made by the Debtors to Secured Lender shall be applied to the indebtedness in accordance with the Loan Documents, subject to reapplication or redirection of such funds in a manner directed by the Court in accordance with the Bankruptcy Code. The automatic stay of section 362 of the Bankruptcy Code is hereby lifted to allow Secured Lender to effectuate the terms of this paragraph.

16.     Nothing contained in this Second Interim Order shall be deemed to terminate, modify, or release any obligations of any non-debtor with respect to its obligations under any of the Loan Documents.

17.     Notwithstanding Bankruptcy Rule 4001(a)(1), this Second Interim Order is not stayed and shall be effective upon the date of its entry on the docket.

18.     The automatic stay of section 362 of the Bankruptcy Code is hereby modified to permit the performance of each and every right and obligation set forth in this Second Interim Order.

19.     The Debtors are authorized, and hereby ordered, to pay quarterly fees to the United States Trustee.

20.     The Court has and will retain jurisdiction to enforce this Second Interim Order according to its terms.

21.     The Final Hearing or a hearing on a further interim order will be held on May 8, 2026 at 10:00 a.m. prevailing Eastern Time. The Debtors shall, on or before April 6, 2026, mail copies of a notice of the entry of this Second Interim Order, together with a copy of this Second Interim Order and a copy of the Motion, to the parties having been given notice of the Interim Hearing, to any party that has filed prior to such date a request for notices with this Court and to counsel for the Committee (if any) and any other statutory committee of unsecured creditors

171371787.15                                          13

appointed pursuant to Bankruptcy Code section 1102. The notice of entry of this Second Interim Order shall state that any party in interest objecting to the entry of the Final Order or a continued interim order authorizing the use of Cash Collateral shall file written objections with the United States Bankruptcy Court Clerk for the District of Delaware no later than 4:00 p.m. (ET) on May 1, 2026, and objections shall be served so that the same are received on or before such date to: (a) LEWIS BRISBOIS BISGAARD & SMITH LLP, Attn: Rafael Zahralddin and Minyao Wang, 500 Delaware Avenue,  Suite 700, Wilmington, DE 19801, proposed counsel for the Debtors; (b) DUANE MORRIS LLP, Attn: Larry J. Kotler and Sommer L. Ross, 1201 North Market St, Suite 501, Wilmington, DE 19801, counsel to Secured Lender; (c) THE OFFICE OF THE UNITED STATES TRUSTEE, Attn: Joseph McMahon, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; and (d) counsel for the Committee, if any.

**Dated: April 2nd, 2026**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE