**EXHIBIT A**

**(Proposed Order)**

176608056.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br>BY HOTEL SPE-3 LLC,<br><div align="center">**Debtors.**[4]</div> | Chapter 11<br><br>Case No. 26-10324 (JKS)<br><br>(Jointly Administered)<br><br>Re Docket No. _____ |

**ORDER PURSUANT TO FED. R. BANKR. P. 9019**
**APPROVING FORBEARANCE AND SETTLEMENT AGREEMENT**
**WITH APF-CPX I, LLC, ACCESS POINT FINANCIAL, LLC, AND HDDA, LLC**

Upon consideration of the Motion of Debtors for Entry of an Order Pursuant to Fed. R. Bankr. P. 9019 Approving Forbearance and Settlement Agreement with APF-CPX I, LLC, Access Point Financial, LLC, and HDDA, LLC (the "Motion"); and the Court having jurisdiction over this matter; and the Court having determined that due and adequate notice of the Motion and the hearing thereon has been provided under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and the Forbearance and Settlement Agreement attached thereto as Exhibit B (the "Settlement Agreement"); and the Court having held a hearing on the Motion on June 16, 2026; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court

---

[4] The Debtors in these chapter 11 cases and the last four digits of their respective identification numbers are By Hotel SPE-3 LLC (3619); 1101 Wabash Development Mezz, LLC (9294); Wabash 11th Mezz LLC (4278); Pacific Tai Mezz LLC (3717); 1101 Wabash Development SPE LLC (9201); Wabash 11th LLC (3098); 1101 Wabash Development LLC (3365); Pacific Tai, LLC (9675); and SB Yen's Management Group, Inc. (1132). The location of the Debtors' corporate headquarters and the Debtors' service address is 806 N York Rd., Hinsdale, IL 60521.

176608056.1

having found that the Settlement Agreement is fair, equitable, reasonable, and in the best interests of the Debtors' estates and their creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Settlement Agreement, attached as Exhibit B to the Motion, is hereby APPROVED in its entirety pursuant to Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code.

3.      The Debtors are authorized to enter into and perform all of their obligations under the Settlement Agreement, including without limitation: (i) making the monthly interest payments to HDDA, LLC at 5% per annum on the first day of each month commencing June 1, 2026; (ii) satisfying all amounts owed under the Loans in full on or before May 8, 2027; and (iii) withdrawing the Stay Motion (Doc. No. 120) with prejudice.

4.      The releases set forth in Section 8 of the Settlement Agreement are hereby approved in all respects, including the releases granted by the Debtors to the Lender Released Parties (as defined in the Settlement Agreement). Such releases are deemed granted effective as of the Effective Date (as defined in the Settlement Agreement).

5.      The Stay Motion (Doc. No. 120) is hereby resolved and shall be deemed withdrawn with prejudice upon entry of this Order, consistent with Sections 6(a) and 6(b) of the Settlement Agreement. The Clerk of this Court is authorized and directed to update the docket accordingly. Notwithstanding the language of the Settlement Agreement contemplating a Certification of Counsel and Stipulated Order on or before May 13, 2026 pursuant to Section 11(a)(vi), the parties

agree that entry of this Order on or before June 16, 2026 shall not constitute an Event of Default under the Settlement Agreement.

6.     The Debtors are authorized to take all actions and to execute, deliver, and perform all documents and agreements reasonably necessary or appropriate to implement and effectuate the terms and provisions of this Order and the Settlement Agreement, without further order of this Court.

7.     The terms and provisions of this Order and the Settlement Agreement shall be binding upon and inure to the benefit of the Debtors, their estates, all Obligors, the Lender Parties, and each of their respective successors and assigns, including any chapter 7 or chapter 11 trustee appointed in these cases.

8.     Notwithstanding anything in the Bankruptcy Rules or the Local Rules to the contrary, this Order shall be effective immediately upon entry.

9.     This Court retains jurisdiction to interpret, implement, and enforce the terms and provisions of this Order and the Settlement Agreement, and to resolve any dispute arising thereunder.